United States District Court
Southern District of Texas
**FILED**

OCT 27 2016

David J. Bradley, Clerk of Court

AO 241
(Rev 06/13)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern Texas — Houston |
|---|---|

| Name (under which you were convicted): Matthew James Leachman | Docket or Case No.: |
|---|---|

| Place of Confinement: Harris County Jail 1200 Baker St., Houston, TX 77002 | Prisoner No.: 01525039 (TDCJ # 903617) |
|---|---|

| Petitioner (include the name under which you were convicted) Matthew James Leachman | Respondent (authorized person having custody of petitioner) William Stephens, Director, TDCJ-CID |
|---|---|
| | v. |

| The Attorney General of the State of: TEXAS |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    248th District Court of Harris County
    1201 Franklin St., 16th Floor
    Houston   TX   77002

    (b) Criminal docket or case number (if you know): 786223

2. (a) Date of the judgment of conviction (if you know): November 1, 1999

    (b) Date of sentencing: November 1, 1999

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: One count of Indecency With a Child, Tex. Penal Code § 21.11 (a)(1).

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
    ☒ (2) Guilty          ☐ (4) Insanity plea

LL066-10-15

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?

N / A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury       ☐ Judge only       N / A

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes       ☐ No

8.    Did you appeal from the judgment of conviction?

☐ Yes       ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

N / A

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?       ☐ Yes       ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

N /A

(4) Date of result (if you know):

AO 241
(Rev 06/13)

Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised:

N / A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

N / A

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: 248th District Court of Harris County

(2) Docket or case number (if you know): 786223-A

(3) Date of filing (if you know): May 20, 2016

(4) Nature of the proceeding: 11.07 habeas corpus

(5) Grounds raised: "Confinement in this sentence is illegal because the maximum term has expired." (11.07 Application at p. 6)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes   ☐ No — A "paper hearing" in which the court ordered affidavits.

(7) Result: None yet — pending.

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know).

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

N/A

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❒ Yes     ❒ No

      (7) Result:             N/A

      (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

N/A

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:  _____ N/A _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:  ☐ Yes    ☐ No   N/A

(3) Third petition:   ☐ Yes    ☐ No   N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

No appeals in 11.07 proceedings — all 11.07 applications go to the Court of Criminal Appeals. Also, the application is still pending.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Confinement in this case is illegal, in violation of the Due Process Clause, because the maximum term expired on April 15, 2016.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Arrest on multiple felonies occurred 4/15/96 ; conviction in one case (#786224) followed. While #786224 was on appeal, I pled guilty in the instant case for a 20-year sentence stacked on #786224. State law (at time of plea and now) is that if an underlying sentence is invalidated, any consecutive sentence becomes independent ("unstacks"). This Court found #786224 unconstitutional and granted conditional habeas relief. The state court set aside #786224 and ordered a new trial. But the TDCJ is not recognizing #786223 is independent, and continues to hold me therein.

(b) If you did not exhaust your state remedies on Ground One, explain why:  State remedies are pending. This is a "protective" petition under Pace v. DiGuglielmo, 545 U.S. 408, 416 (2005). It is not clear whether the Court of Criminal Appeals will accept my 11.07 application as "properly filed," so I am worried about my one-year AEDPA deadline. This issue is fully discussed and argued in my accompanying motion for stay and abeyance.

AO 241
(Rev. 06/13)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏ Yes          ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   No appeal was taken;
ground one does not challenge the conviction or sentence, but
merely the TDCJ's application of the sentence.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes          ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   11.07 application   (habeas corpus)

Name and location of the court where the motion or petition was filed:   248th District Court
of Harris County, Texas

Docket or case number (if you know):   786223-A

Date of the court's decision:   None yet — pending

Result (attach a copy of the court's opinion or order, if available):

N/A   (pending)

(3) Did you receive a hearing on your motion or petition?          ☒ Yes          ❏ No

(4) Did you appeal from the denial of your motion or petition?          ❏ Yes          ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ❏ Yes          ❏ No          N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

No appeals in 11.07 proceedings AND no result yet.

LL066-10-15

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   I attempted to resolve the issue with

TDCJ through letters to Classification & Records on 11/10/2015 and

2/12/2016 and to General Counsel Sharon Howell on 4/11/2016.

**GROUND TWO:**

N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.).

N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ☐   Yes       ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes       ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):

Date of the court's decision:

LL066-10-15

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

N/A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241
(Rev 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

N/A

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

(4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

N/A

## GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❐ Yes       ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes       ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

N/A

AO 241
(Rev 06/13)                                                                                    Page 12

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes   ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

N/A

LL066-10-15

AO 241
(Rev. 06/13)

Page 13

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    My state 11.07 application has not yet been
"presented" to the Court of Criminal Appeals because the
trial court held it to resolve issues, but it will be presented
there in the ordinary course of the proceeding.

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

My sole ground here has been presented in my
11.07 application.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available

N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    As set forth above, I presented my sole ground for
relief to the state courts via an 11.07 habeas application.
It was filed as # 786223-A in the 248th District Court
and has not yet been forwarded to the Court of Criminal
Appeals.

L1066-10-15

AO 241
(Rev. 06/13)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Brian D Coyne, 1914 N. Memorial Way, Houston, Tx ~~77014~~ (ZIP unknown).

(b) At arraignment and plea:   R.P. "Skip" Cornelius, 2028 Buffalo Terrace, Houston, Tx 77019.

(c) At trial:   Skip Cornelius

(d) At sentencing:   Skip Cornelius.

(e) On appeal:   N/A (no appeal)

(f) In any post-conviction proceeding:   Pro se (11.07)

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No   N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The factual predicate for this claim is the TDCJ's calculation and construction of the sentence after the invalidation of the sentence in #786224. There was nothing in dispute until this occurred.

Pursuant to this Court's conditional habeas order, the State moved for new trial in #786224 on 11/4/2015, and the trial

L1066-10-15

Court granted the motion the same day. I wrote to TDCJ Classification & Records on 11/10/2016 to notify them of this action and to request confirmation that the instant sentence was now running independently of the invalidated #786224 (so as to end on 4/15/2016).

On 12/15/2015, having received no response to my letter of 11/10/2016, I asked a friend to check the TDCJ website. On that date, I learned that TDCJ had updated and recalculated my sentence with a discharge date of 2032. According to an affidavit filed by Program Supervisor III Charley Valdez, TDCJ Classification & Records, in the 11.07 proceedings, the TDCJ performed the calculation on 11/19/2015 — the day it received a copy of the new-trial order setting aside #786224.

Under 28 U.S.C. § 2244(d)(1)(D), I assert that my action in checking the TDCJ website represented due diligence. Thus, my one-year deadline should be December 14, 2016. However, if the Court uses the date TDCJ changed the records, my one-year deadline ends November 18, 2016.

In either case, the petition is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
         respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
         under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   ORDER recalculation of the

sentence in accordance with due process, and — since the proper calculation

is 4/15/1996 — 4/15/2016 — ORDER my immediate discharge.

or any other relief to which petitioner may be entitled.


N/A
_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    10/24/2016      (month, date, year).


Executed (signed) on    10/24/2016      (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A