IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-16-3202 |
| v. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner, a pretrial detainee in custody of the Harris County Sheriff's Office, is awaiting re-trial on charges of sexual assault of a child under the age of fourteen in cause number 786224. He files this section 2254 habeas proceeding challenging the execution of his sentence in his 1999 conviction and twenty-year sentence for indecency with a child in cause number 786223.

In 1998, petitioner was convicted of aggravated sexual assault of a child in cause number 786224, Harris County, Texas, and was sentenced to 40 years' imprisonment. In subsequent proceedings, he was convicted of three counts of indecency with a child in cause numbers 786226, 720366, and 786223, in Harris County, Texas, and sentenced to twenty years' incarceration in each case on November 1, 1999. Petitioner states that his conviction and twenty-year sentence in cause number 786223 was "stacked" onto the earlier conviction in cause number 786224.

On September 30, 2015, this Court determined that petitioner's constitutional right to self-representation had been denied in cause number 786224. *Leachman v.*

*Stephens*, C.A. No. H-11-0212 (S.D. Tex. 2015). The Court ordered that, "Respondent shall release Leachman from the sentence imposed in cause number 786224 unless, within 90 days, the State of Texas moves to grant Leachman a new trial." *Id.* In compliance with that order, the State bench warranted petitioner back to Harris County, and he was granted a new trial on November 11, 2015. Public court records show that re-trial in that case is currently set for January 23, 2017.

In his instant habeas proceeding, petitioner claims that, because the conviction in cause number 786224 was set aside by the conditional grant of federal habeas relief, his twenty-year sentence in cause number 786223 was no longer "stacked" with it, such that his sentence in cause number 786223 expired on April 15, 2016. According to plaintiff, he has not been given full credit for his time served in cause number 786223.

Petitioner filed an application for state habeas relief with the trial court on May 20, 2016, raising this time credit claim. Public records in that proceeding show that prison officials have responded to the application. In an affidavit filed with the trial court on August 8, 2016, prison officials testified that petitioner's "stacked" sentence in cause number 786223 commenced to run "concurrently" on November 11, 2016, the date a new trial was granted in cause number 786224, and carried a maximum discharge date of April 25, 2032. Petitioner, on the other hand, appears to argue in the instant petition that he is entitled to a straight twenty years' time credit on cause number 786223 because the federal courts set aside the conviction in cause number 786224, effectively voiding the "stacking" order *ab initio*.

Because this time credit issue arises under, and is governed by, state law, and because petitioner's state habeas proceeding remains pending in the trial court, the instant federal habeas petition is unexhausted and premature. Petitioner admits that he has not exhausted his state court remedies, and asks this Court to stay these federal proceedings in an apparent belief that a federal limitations issue may otherwise arise. (Docket Entry No. 3.) However, it is clear to this Court that limitations commenced, at the earliest, on November 11, 2015, when petitioner was granted a new trial. Petitioner filed his application for state habeas relief on May 20, 2016, well within the one-year limitations period. Thus, any further running of limitations is tolled during the pendency of petitioner's state habeas proceeding, and an order to stay would be improper.

For these reasons, petitioner's motion to stay (Docket Entry No. 3) is **DENIED** and this lawsuit is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**. All other pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____NOV 1 6 2016_____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE